UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN WALKER  (#110316)

VERSUS                                                                      CIVIL ACTION

MAJ. KENNETH STEWART, ET AL                              NUMBER 08-324-FJP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _December 8_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN WALKER (#110316)

VERSUS

MAJ. KENNETH STEWART, ET AL

CIVIL ACTION

NUMBER 08-324-FJP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the defendants' motion to dismiss. Record document number 16. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Kenneth Stewart, Sgt. Willie Kelly, Janice Immasche and Hunt Correctional Center ("HCC"). Plaintiff alleged that while confined at HCC, he created a disturbance because he did not receive a food tray. Plaintiff alleged that in response to his outburst, he was sprayed with mace and was denied medical treatment following the incident in violation of his constitutional rights.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

**A. Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[1]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

### 1. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).

---

[1] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

3

Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains, including Hunt Correctional Center. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### 2. No Physical Injury Alleged

Plaintiff alleged that on June 17, 2007, while confined at HCC, he told Sgt. Kelly that the inmate orderly did not give him a food tray. Plaintiff alleged that Sgt. Kelly told the plaintiff that he saw the inmate orderly place two trays in the plaintiff's cell. Plaintiff alleged that he asked to speak to a ranking officer but Sgt. Kelly ignored him. Plaintiff alleged that he created a disturbance and Maj. Stewart was contacted. Plaintiff alleged that in response to his outburst, Maj. Stewart sprayed him with a chemical agent. Plaintiff alleged that he was transported to the prison infirmary but nurse Immasche denied him medical treatment for his injuries.

Defendants argued that the plaintiff failed to allege that he sustained a physical injury.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of being denied a single meal or medical treatment after

he was sprayed with a chemical agent. Plaintiff's allegations are sufficient to satisfy the physical injury requirements of 42 U.S.C. § 1997e(e) regarding his excessive use of force claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing the plaintiff's unconstitutional conditions of confinement and medical indifference claims and his claims against Hunt Correctional Center. In all other respects the defendants' motion to dismiss should be denied and this matter should be referred back to the magistrate judge for further proceedings on the plaintiff's excessive force claim against Maj. Kenneth Stewart.

Baton Rouge, Louisiana, December 8, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE