UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN WALKER  (#110316)

VERSUS                                                          CIVIL ACTION

MAJ. KENNETH STEWART, ET AL                  NUMBER 08-324-FJP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 17, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN WALKER   (#110316)

VERSUS                                                                  CIVIL ACTION

MAJ. KENNETH STEWART, ET AL                         NUMBER 08-324-FJP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court is the parties' cross motions for summary judgment. Record document numbers 25 and 26.  The motions are opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Kenneth Stewart, Sgt. Willie Kelly, Janice Immasche and Hunt Correctional Center ("HCC").  Plaintiff alleged that while confined at HCC, he hollered for Maj. Stewart because he did not receive a food tray. Plaintiff alleged that in response to his outburst, Maj. Stewart sprayed him with mace in violation of his constitutional rights.[2]

Plaintiff moved for summary judgment relying on a statement of undisputed facts, his affidavit, and copies of his medical records and request for administrative remedies.

Defendant Maj. Stewart moved for summary judgment relying on a statement of

---

[1] Record document numbers 27 and 28.

[2] Plaintiff's unconstitutional conditions of confinement and medical indifference claims and his claims against Hunt Correctional Center were previously dismissed. Record document number 23.

undisputed facts, the affidavits of Stewart and Jacqueline Kelly, copies of the plaintiff's medical records and a copy of Hunt Correctional Center Institutional Policy 300-A1 - Use of Force policy.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that on June 17, 2007, while confined at HCC, he told Sgt. Kelly that the inmate orderly did not give him a food tray. Plaintiff alleged that Sgt. Kelly told the plaintiff that he saw the inmate orderly place two trays in the plaintiff's cell. Plaintiff alleged that he asked to speak to a ranking officer but Sgt. Kelly ignored him. Plaintiff alleged that he hollered out of his cell for Maj. Stewart. Plaintiff alleged that Maj. Stewart first spoke to Sgt. Kelly and then came to his cell and without provocation sprayed him with three and one half cans of mace. Plaintiff alleged that Maj. Stewart did not issue any orders prior to spraying him with the chemical agent. Plaintiff alleged that he sustained burns to his eyes, mouth and skin.

Maj. Stewart offered a different version of events. Maj. Stewart argued that the plaintiff created a disturbance on the tier and was destroying state property by beating his toilet with a shower shoe. Maj. Stewart argued that he gave the plaintiff several direct orders to cease the disturbance and come to the cell bars to be restrained. Maj. Stewart argued that when the plaintiff refused to comply with his orders, he retrieved a can of chemical agent and once again ordered the plaintiff to come to the bars to be restrained.

When the plaintiff failed to comply, Maj. Stewart sprayed the plaintiff with a minimum amount of chemical agent.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

There are material factual issues in dispute which render summary judgment inappropriate. There is a genuine dispute as to what happened on June 17, 2007, and the degree of injury sustained during the incident.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the parties' cross motions for summary judgment be denied and this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on September 17, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**